J-S83026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHNELL HAINES | : | |
| | : | |
| Appellant | : | No. 3495 EDA 2016 |

Appeal from the PCRA Order October 11, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0108841-1997

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 05, 2018**

Appellant, Johnell Haines, appeals *pro se* from an order entered on October 11, 2016 that dismissed his petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On October 4, 1995, Appellant, along with another individual, robbed and fatally shot Benjamin Milla during a home invasion.  Appellant was 18 years old at the time of the offense.  After a jury found him guilty, the trial court, on November 25, 1997, sentenced him to mandatory life imprisonment for first-degree murder, together with consecutive terms of incarceration for the related burglary and criminal conspiracy charges.  This Court affirmed Appellant's judgment of sentence on February 27, 2001 and our Supreme Court denied *allocator* on August 30, 2001.  ***Commonwealth v. Haines***, 776 A.2d 1006 (Pa. Super. 2001), *allocator denied*, 784 A.2d 115 (Pa. 2001).

Appellant filed a timely *pro se* PCRA petition on June 19, 2002. The court appointed counsel, who subsequently filed a no-merit letter and request to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 50 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 29, 2003, the PCRA court issued an order that dismissed the petition and permitted counsel to withdraw. This Court affirmed the order dismissing Appellant's first PCRA petition on April 15, 2004. **Commonwealth v. Haines**, 852 A.2d 1247 (Pa. Super. 2004) (unpublished memorandum). In June 2004, Appellant initiated a federal *habeas corpus* petition, which was ultimately dismissed without a hearing. Thereafter, the PCRA court dismissed Appellant's second petition as untimely on July 16, 2008. This Court affirmed that dismissal order on February 22, 2010. **Commonwealth v. Haines**, 996 A.2d 7 (Pa. Super. 2010) (unpublished memorandum).

Appellant filed the instant *pro se* petition, his third, on August 8, 2012. An amended petition was filed on March 10, 2016. On May 18, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant responded to the Rule 907 notice on June 7,

2016. The PCRA court dismissed the petition as untimely on October 11, 2016. Appellant filed a timely notice of appeal on November 3, 2016.[1]

Appellant raises the following claims in his brief:

Whether the PCRA [c]ourt erred by determining that the imposition of an illegal mandatory life-without-parole sentence – for a homicide offense committed by Appellant, who has been identified by [the United States Supreme Court in **Miller v. Alabama**, 132 S.Ct. 2455 (2012)] as a defined class of developing adolescen[ts], did not violate the Eighth Amendment's [p]rohibition [against] cruel and unusual punishment[?]

Whether [**Miller**'s] constitutional requirement to consider age-related factors prior to imposing life-without-parole sentence applies to Appellant[?]

Appellant's Brief at 3.

We initially address Appellant's second issue since that question relates directly to whether the PCRA court possessed jurisdiction to entertain the instant petition.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. **See** 42 Pa.C.S.[A.] § 9545(b). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See**

_____

[1] It does not appear that the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). Nonetheless, the court issued an opinion on January 26, 2017.

> ***Hernandez***, 79 A.3d at 651–52; ***see also*** 42 Pa.C.S.[A.] § 9545(b)(2). Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007). This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013) (citations omitted).

***Commonwealth v. Furgess***, 149 A.3d 90, 92-93 (Pa. Super. 2016) (footnotes omitted).

Appellant does not contest the PCRA court's conclusion that his third petition was patently untimely. Here, the court determined that Appellant's judgment of sentence became final in late 2001, 90 days after the Pennsylvania Supreme Court denied *allocator* and the time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant filed his present petition approximately ten years outside the statutory time limit.

Appellant, however, asserts an exception to the time bar under 42 Pa.C.S.A § 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the U.S. Supreme Court or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply

- 4 -

retroactively." **Id.** Citing **Miller**[2] and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that **Miller** applies retroactively to cases on state collateral review, Appellant argues that he is entitled to relief because, based upon neurologic studies regarding brain development and his own mental infirmities, he is in the same position as a juvenile homicide defendant. **See** Appellant's Brief at 12-18. Appellant also argues that the Equal Protection clause of the Fourteenth Amendment compels application of **Miller** since individuals who commit a killing between 18 and 25 years of age are entitled to the same treatment under the law as juveniles. **See** Appellant's Brief at 18-22.

This Court has twice rejected nearly identical arguments for purposes of invoking the timeliness exception at § 9545(b)(1)(iii). **See Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) ("petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"; "contention that a newly-recognized constitutional right should be **extended** to others does not

---

[2] **Miller** held that a sentence of life imprisonment without the possibility of parole constitutes cruel and unusual punishment under the Eighth Amendment when imposed upon defendants convicted of murder who were under the age of 18 at the time of their crimes. **Miller**, 132 S.Ct. at 2460.

render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)[]") (emphasis in original); *Furgess*, 149 A.3d at 94 (same).[3]

Because Appellant was not a juvenile at the time he committed the underlying offenses, he cannot invoke *Miller* and *Montgomery* and avail himself of the timeliness exception set forth at § 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/18

---

[3] In *Furgess*, this Court acknowledged that *Cintora*'s additional holding, that *Miller* had not been applied retroactively, was "no longer good law" after *Montgomery*. *Furgess*, 149 A.3d at 94.